Peter M. de Jonge, Utah Bar No. 7,185
Jed H. Hansen, Utah Bar No. 10,679
**THORPE NORTH & WESTERN, L.L.P.**
175 S. Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff,*
*Vulcan Sales, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VULCAN SALES, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VULCAN TIRE & AUTOMOTIVE, INC., an Alabama corporation,<br><br>Defendants. | Civil Case No. 2:16-cv-01058-DBP<br><br>**COMPLAINT**<br>**WITH JURY DEMAND**<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Vulcan Sales, Inc., doing business as Vulcan Tire Sales ("Plaintiff" or "Vulcan Sales") by and through its counsel, hereby files this Complaint with Jury Demand against Defendant Vulcan Tire & Automotive, Inc. ("Defendant") and alleges as follows:

### THE PARTIES

1.  Plaintiff Vulcan Sales, Inc. is a Utah corporation with its principal place of business at 9980 South 300 West, Suite 200, Sandy, UT 84070.

2.  Upon information and belief, Defendant Vulcan Tire & Automotive, Inc.

1

is an Alabama corporation with a principal place of business at 3214 Edwards Lake Parkway, Birmingham, AL 35235.

## JURISDICTION AND VENUE

3. Vulcan Sales brings this action pursuant to Lanham Trademark Act, Title 15, United States Code § 1051, *et seq.*

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 15 U.S.C. §§ 1114 and 1125.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under state law or common law because those claims are so related to the federal trademark claims that they form part of the same case or controversy.

6. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

7. Upon information and belief, this Court has specific personal jurisdiction over Defendant as it has purposefully directed its activities toward residents of the state of Utah, causing harm suffered in the state of Utah, and this action is based upon activities that arise out of or relate to those contacts.

## GENERAL ALLEGATIONS

### Vulcan Sales, Inc. Trademarks

8. Vulcan Sales is in the business of selling vehicle tires and tire accessories on the Internet at <vulcantire.com> and <vulcantiresales.com>. Vulcan Sales has been selling its goods online for over 15 years. Vulcan Sales has amassed substantial goodwill and recognition for its unique online presence and is accredited by the Better Business Bureau and is BizRate Customer Certified.

9. Vulcan Sales sells its products exclusively online, maintaining product storage warehouses, having no brick-and-mortar storefronts. Consumers purchase products by placing them in a virtual shopping cart and paying with a credit card or PayPal account. Purchased products are shipped to the address provided by the consumer at the time of purchase.

10. Based on Vulcan Sales' extensive and longstanding use of VULCAN TIRE SALES, Vulcan Sales has acquired significant goodwill and trademark rights in VULCAN TIRE SALES. Additionally, Vulcan Sales owns U.S. Trademark Registration No. 3,100,129 for VULCAN TIRE SALES. These rights are collectively referred to herein as the "VULCAN TIRE SALES Mark." A copy of the trademark registration is attached hereto as Exhibit A.

11. Vulcan Sales relies on its name and brand recognition in the VULCAN TIRE SALES Marks.

## DEFENDANT'S MISCONDUCT

12. Upon information and belief, Defendant offers automotive tires and accessories for sale and automotive services, including services related to tires.

13. Upon information and belief, Defendant uses Vulcan Sales' VULCAN TIRE SALES Mark in its business name, Internet domain name <vulcantireandauto.com>, advertising, and marketing in connection with Defendant's goods and services by promoting itself with the confusingly similar mark "Vulcan Tire."

14. On or about September 7, 2016, Vulcan Sales' counsel sent a letter addressed to Mr. Richard Estes, Jr. regarding Vulcan Sales' ownership of the VULCAN TIRE SALES Mark and demanded that Defendant cease and desist all infringing uses.

3

15. Upon information and belief, Richard Estes, Jr. is a director of Defendant.

16. On or about September 16, 2016, Vulcan Sales' counsel received a response letter from Defendant's counsel.  Defendant denied its use was infringing and declared its intention to continue its infringing use of the VULCAN TIRE SALES Mark.  Upon information and belief, Defendant has continued to use its infringing use of the VULCAN TIRE SALES Mark.

17. Defendant's actions are likely to cause consumer confusion as to the source of its goods and services and cause a false association between Defendant and Vulcan Sales.

18. Upon information and belief, Defendant's actions have resulted in, and will continue to result in, substantial and irreparable harm to Vulcan Sales and to consumers.

19. Upon information and belief, Defendant's actions after receiving Vulcan Sales' letter constitute a knowing and willful false designation of origin of Defendants' goods and services and use of the VULCAN TIRE SALES Mark.

20. Upon information and belief, Defendant's actions have caused and will continue to cause irreparable injury to Vulcan Sales.

## CAUSES OF ACTION

### COUNT I
### Federal Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)

21. Vulcan Sales realleges and incorporates by reference all of the foregoing paragraphs.

22. Vulcan Sales owns the VULCAN TIRE SALES Mark.

23. Upon information and belief, Defendant has used the term "Vulcan Tire" in commerce.

24. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Vulcan Sales, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

25. Defendant's conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

26. Upon information and belief, Vulcan Sales is likely to be, has been, and will continue to be, damaged by Defendant's actions.

27. Upon information and belief, Vulcan Sales has suffered actual damages and lost profits caused by Defendant's use of the VULCAN TIRE SALES Marks, in an amount to be proven at trial. Additionally, the harm to Vulcan Sales from Defendant's actions is not fully compensable by money damages. Vulcan Sales has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendant is permanently enjoined.

28. Upon information and belief, Defendant's actions are willful, intentional, and/or deliberate.

29. Vulcan Sales is entitled to injunctive relief and monetary damages against Defendants pursuant to 15 U.S.C. §§ 1116-17.

30. Vulcan Sales is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II
## Infringement of a Federally Registered Trademark
## 15 U.S.C. § 1114

31.     Vulcan Sales realleges and incorporates by reference all the foregoing paragraphs.

32.     Vulcan Sales owns a valid U.S. trademark registration for the VULCAN TIRE SALES Mark.

33.     Defendant's use of "Vulcan Tire" is likely to cause confusion, to cause mistake, or to deceive and are trademark infringement pursuant to 15 U.S.C. § 1114.

34.     Upon information and belief, Defendant's infringement of the VULCAN TIRE SALES Mark has caused and continues to cause damage and irreparable injury to the value and goodwill of the VULCAN TIRE SALES Mark as well as damage and cause irreparable injury to the Vulcan Sales' goodwill, business, and reputation.

35.     Upon information and belief, Defendant's actions are deliberate, willful, fraudulent, and constitute a knowing infringement of the VULCAN TIRE SALES Mark.

36.     Vulcan Sales is entitled to injunctive relief pursuant to 15 U.S.C. § 1114.

37.     Vulcan Sales is entitled to damages and to recover Defendant's profits, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

38.     Vulcan Sales is entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b).

39.     Vulcan Sales is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Vulcan Sales respectfully requests that the Court enter a judgment in Vulcan Sales' favor as follows:

A. That the Court enter judgment declaring that Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125;

B. That the Court enter judgment declaring that Defendant's actions infringe Vulcan Sales' registered VULCAN TIRE SALES trademark in violation of 15 U.S.C. § 1114;

C. That the Court order that Defendants transfer ownership of the domain <vulcantireandauto.com> to Vulcan Sales.

D. That the Court preliminarily and permanently enjoin Defendant from using "Vulcan Tire" or any term that infringes the VULCAN TIRE SALES Mark or unfairly competes with Vulcan Sales.

E. That the Court require Defendant to pay monetary damages to Vulcan Sales in an amount to be proven at trial;

F. That the Court require Defendant to pay prejudgment and post-judgment interest until such awards are paid;

G. That the Court require Defendant to pay treble damages in an amount to be proven at trial;

H. That the Court award Vulcan Sales punitive damages;

I. That the Court require Defendant to pay Vulcan Sales' costs and

attorneys' fees incurred in this action;

  J.  That Vulcan Sales have such other and further relief as shall seem just and proper to the Court.

### DEMAND FOR JURY TRIAL

  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Vulcan Sales hereby demands a jury trial on all claims and issues so triable.


DATED:  October 14, 2016      **THORPE NORTH & WESTERN, L.L.P.**

               /s/ Peter M. de Jonge
               Peter M. de Jonge
               Jed H. Hansen


               *Attorneys for Plaintiff,*
               *Vulcan Sales, Inc.*